# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DEMARIO MCCLARTY, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| LT. JACKSON; et al., | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:12-CV-2317-RWS-RGV |

## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff Demario McClarty, presently confined in the Fulton County Jail in Atlanta, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 4]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening of the complaint. For the reasons stated below, the undersigned **RECOMMENDS** that plaintiff's claims against Lieutenant Jackson, Sergeant Robinson, and Deputy Fuquasz be allowed to proceed, but that plaintiff's claims against the remaining defendants be dismissed for failure to state a claim.

## I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or

employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape

2

dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against Fulton County Sheriff Theodore Jackson, Lieutenant Jackson, Sergeant Robinson, Deputy Fuquasz, Deputy Warren, Grievance Officer Christiphor, and Board of Commissioners Chairman John Eaves. [Doc. 1 at 3]. Plaintiff alleges the following facts in support of his claims.[1] On May 13, 2010, plaintiff was discharged from Grady Hospital to the custody of Sheriff Jackson following treatment for gunshot wounds and knee and forearm surgeries with orders that he "be non weight bearing for the left lower extremity and will need a wheelchair with elevating leg rest and removable armrest." [Id.]. On July 16, 2010, while plaintiff was awaiting a post operative appointment in the Fulton County holding unit

---

[1] These allegations are drawn from plaintiff's complaint and do not represent findings of fact by the Court.

AO 72A
(Rev.8/82)

at Grady Hospital, Sergeant Robinson and Deputy Fuquasz accused plaintiff of "fraudulently needing the wheelchair" and ordered him "to get up and walk." [Id. at 4]. Although plaintiff explained that doctors had ordered that he not put any pressure or bear any weight on his left leg or right arm, defendants insisted that he "stop faking and walk." [Id.]. When plaintiff was unable to do so, Deputy Fuquasz, at Sergeant Robinson's command, wheeled him to an isolated cell, took him out of the wheelchair, and slammed him against the wall and bench of the cell. [Id.]. Plaintiff "flinched to get out of harms way" and the "attack became more vicious." [Id.]. Deputy Fuquasz then slammed plaintiff's head against the wall. [Id. at 5]. Lieutenant Jackson was present during the attack, but failed to intervene. [Id. at 4-5]. As a result of the attack, plaintiff's right arm was "torn open where stitches had just recently been removed" and his "left knee surgery was rendered unsuccessful." [Id. at 5].

Plaintiff submitted grievances regarding the attack, but Officer Christiphor failed to "investigate or take remedial action," and instead, responded that it was a "non-grievable issue." [Id.]. On September 15, 2010, Lieutenant Jackson "and her staff" threatened plaintiff at Grady Hospital in the Fulton County holding unit. [Id.]. Plaintiff submitted a grievance concerning the threats, but again Officer Christiphor

4

took no action. [Id.]. Although Fulton County Internal Affairs has investigated plaintiff's complaints, there has been no disposition. [Id.].

On or about June 15, 2010, Deputy Warren "insisted that if the plaintiff couldn't climb out [of his] prescribed wheelchair and sit on the paddy wagon floor," he would miss his doctor's appointment for that day. [Id.]. On August 19, 2010, plaintiff missed another post operative appointment because Deputy Warren "stated it would be too much trouble for him to operate the wheelchair van." [Id. at 6]. Plaintiff seeks to hold Sheriff Jackson liable for the actions and/or omissions of Sergeant Robinson, Deputy Fuquasz, Lieutenant Jackson, and Deputy Warren. [Id. at 6-7]. Plaintiff seeks injunctive and monetary relief. [Id. at 8-9].

## III. ANALYSIS

### A. Lieutenant Jackson, Sergeant Robinson, and Deputy Fuquasz

"Whenever prison officials stand accused of using excessive physical force" constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used";

(3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam) (citations omitted).

Plaintiff's allegation, which must be accepted at this stage of the proceedings, that Deputy Fuquasz, on Sergeant Robinson's command, assaulted him because he was unable to get out of his wheelchair plausibly states excessive force claims against both defendants and survives frivolity review. See Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain. . . . The use of force must stop when the need for it to maintain or restore discipline no longer exists."). Similarly, plaintiff's allegation that Lieutenant Jackson was present during the attack but failed to intervene sufficiently states a constitutional violation to survive frivolity review. See Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (holding that if an officer, who is in a position to intervene, fails or refuses to do so when an unprovoked beating takes place in his presence, the officer is directly liable).

### B. Deputy Warren

Deliberate indifference to an inmate's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001); Lancaster v. Monroe Cnty., Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). In order to state a claim for inadequate medical treatment, a plaintiff must demonstrate (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) "that the response made by public officials to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citing Estelle, 429 U.S. at 105-06). Moreover, a "delay of treatment for obviously serious conditions" can constitute deliberate indifference when "it is apparent that delay would detrimentally exacerbate the medical problem," it does so, and "the delay is medically unjustified." Id. at 1259-60 (citation omitted).

Here, plaintiff alleges that Deputy Warren's refusal to transport plaintiff in the wheelchair van caused him to miss two post operative appointments on June 15 and

7

August 19, 2010. [Doc. 1 at 5-6]. Plaintiff, however, does not allege facts showing that the missed appointments detrimentally exacerbated his injuries or posed a substantial risk of serious harm. Accordingly, plaintiff fails to state a medical deliberate indifference claim against Deputy Warren. See Taylor, 221 F.3d at 1258-59.

### C. Sheriff Jackson, Officer Christopher, and Chairman Eaves

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Plaintiff's claim against Sheriff Jackson is premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Instead, unless "the supervisor personally participates in the alleged unconstitutional conduct," supervisory liability attaches only when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged [constitutional] deprivation, and he fails to do so," the execution of a governmental policy or custom results in the Plaintiff's injury, or "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id.

8

Because plaintiff fails to state a claim against Deputy Warren, does not allege facts to show that Sheriff Jackson participated in Deputy Fuquasz's assault of plaintiff or directed or knew that Deputy Fuquasz would assault plaintiff, and has not alleged that there was a history of similar assaults or that a jail policy caused his injuries, plaintiff fails to state a claim against Sheriff Jackson.

Regarding plaintiff's allegation that Officer Christiphor failed to act on plaintiff's grievances, "an inmate has no constitutionally-protected liberty interest in access to [a jail's grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). Thus, plaintiff cannot state a claim against Officer Christiphor because the officer's failure to take corrective action "did not amount to a violation of due process." Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam).

Plaintiff's claim against Chairman Eaves is due to be dismissed because plaintiff has made no specific factual allegations against him. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted). Finally, regarding the threatening remarks allegedly made by Lieutenant Jackson and her staff, "verbal abuse alone is insufficient to state a constitutional claim," Hernandez v. Fla. Dep't of

9

AO 72A
(Rev.8/82)

Corr., 281 F. App'x 862, 866 (11th Cir. 2008), and "mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's claims against Sheriff Theodore Jackson, Deputy Warren, Grievance Officer Christiphor, and Fulton County Board of Commissioners Chairman John Eaves be **DISMISSED** for failure to state a claim, but that plaintiff's claims against Lieutenant Jackson, Sergeant Robinson, and Deputy Fuquasz be allowed to proceed as in any civil action.

**IT IS FURTHER RECOMMENDED** that, upon the adoption of this Report and Recommendation, this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**SO RECOMMENDED**, this 18th day of July, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)