**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF GEORGIA  
ATLANTA DIVISION**

| | | |
|---|---|---|
| DEMARIO MCCLARTY, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| LT. JACKSON; et al., | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:12-CV-2317-RWS-RGV |

## **ORDER**

This case is before the Court for consideration of the Non-Final Report and Recommendation [5] of Magistrate Judge Russell G. Vineyard, Plaintiff's objections thereto [8], and Plaintiff's second motion for appointment of counsel [9]. The Court reviews de novo the portions of the Report and Recommendation to which Plaintiff has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Plaintiff objects to the dismissal of his claims against Grievance Officer Christiphor and Sheriff Theodore Jackson . However, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Plaintiff's objections have no merit. Specifically, Plaintiff cannot state a claim against Officer Christiphor because Plaintiff has no constitutionally-protected liberty interest in a

AO 72A  
(Rev.8/82)

grievance procedure. See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam). Additionally, Plaintiff fails to allege facts to show that Sheriff Jackson should be held vicariously liable for the assault on Plaintiff. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). After reviewing the Non-Final Report and Recommendation, including those portions to which Plaintiff has not objected, it is received with approval and adopted as the Opinion and Order of this Court.

Accordingly, the Court **DISMISSES** Plaintiff's claims against Sheriff Theodore Jackson, Deputy Warren, Grievance Officer Christiphor, and Fulton County Board of Commissioners Chairman John Eaves, and **ALLOWS TO PROCEED** as in any other civil action Plaintiff's claims against Lieutenant Jackson, Sergeant Robinson, and Deputy Fuquasz.

Because plaintiff is still able to adequately represent his interests without the assistance of counsel, his second motion for appointment of counsel [9] is **DENIED**. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).

AO 72A
(Rev.8/82)

The Court **DIRECTS** the Clerk to **RE-SUBMIT** this case to Magistrate Judge Vineyard for further proceedings, including the issuance of an Order regarding service of process.

**IT IS SO ORDERED** this  13th  day of August, 2012.

*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)