IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEMARIO MCCLARTY,      Plaintiff, | :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | :: :: | |
| LT. JACKSON; et al.,      Defendants. | :: :: | CIVIL ACTION NO. 1:12-CV-2317-RWS |

**ORDER**

This case is before the Court on plaintiff Demario McClarty's objections [56] to the Final Report and Recommendation ("R&R") [53], which recommends that defendants' motion for summary judgment [40] be granted. The Court reviews de novo the portions of the R&R to which plaintiff has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

**I.   Background**

The Court allowed to proceed plaintiff's claims that Detention Officer Rafferty Fuqua, on Sergeant Paula Robinson's command, assaulted plaintiff because he was unable to get out of his wheelchair, that Lieutenant Debra Jackson was present during the attack but failed to intervene, and that, as a result of the attack, plaintiff's right arm was "torn open where stitches had just recently been removed" and his "left knee

AO 72A
(Rev.8/82)

surgery was rendered unsuccessful." [Doc. 1 at 4-5; Doc. 5 at 5-6; Doc. 10 at 2; see also Doc. 40 at 7-8, 12-13, 18-19]. The Court also allowed discovery in this case, and the discovery period began on November 29, 2012, and ended on March 29, 2013. [See Doc. 11 at 3; Doc. 17 and docket entry dated Oct. 31, 2012]. The Court subsequently reopened the discovery period for the limited purpose of taking plaintiff's deposition because plaintiff had failed to appear for his first noticed deposition and refused to participate or make any statements under oath during his second noticed deposition. [Doc. 34 at 2-3]. The Court, however, denied plaintiff's motion to extend the discovery period because he had at least two and a half months to pursue discovery before his most recent incarceration began, but did nothing during that time. [Id. at 1-2]. After defendants moved for summary judgment, plaintiff sought the production of his medical records. [Doc. 45]. The Court denied this request, noting that it was untimely and that plaintiff did not explain why he failed to seek this information sooner. [Doc. 53 at 2].

When defendants moved for summary judgment, the Clerk of Court sent a notice [41] to plaintiff informing him of the motion and the twenty-one day response period. The notice referenced Federal Rule of Civil Procedure 56 and clearly stated plaintiff's burden to "go beyond the pleadings" by filing affidavits, depositions, discovery

2

materials, or other documentary evidence to show "that there is a genuine issue for trial." [Id.]. However, plaintiff did not file a response to the defendants' statement of undisputed facts, and his statement of disputed material facts [48] were not supported by evidentiary citations and instead were stated as legal conclusions. Thus, the magistrate judge deemed defendants' statement of undisputed facts admitted and declined to consider plaintiff's statement of disputed facts. [Doc. 53 at 3]. The magistrate judge then listed the material facts as follows. [Id. at 3-5].

While in the custody of the Fulton County Sheriff's Department, plaintiff was transported to the Grady Hospital Detention Center on July 16, 2010. [Doc. 40-3 (Pl. Dep.) at 14-15]. Fulton County Sheriff's Department employees Detention Officer Fuqua, Sergeant Robinson, and Lieutenant Jackson were working at the Grady Hospital Detention Center on that day. [Doc. 40 at 8, 13, 19]. Plaintiff, who was using a wheelchair, was placed in a holding cell. [Id. at 13-14, 19-20; Doc. 40-3 at 17, 19]. At some point while plaintiff was in the holding cell with his wheelchair, both Detention Officer Fuqua and Sergeant Robinson were present in the holding cell. [Doc. 40 at 13-14, 19-20; Doc. 40-3 at 19]. Plaintiff was removed from his wheelchair after stating that he could not remove himself from the chair. [Doc. 40 at 14-15, 20; Doc. 40-3 at 18-19, 40-41].

3

The parties dispute how plaintiff was removed from his wheelchair and the amount or degree of force used to do so.  According to Detention Officer Fuqua and Sergeant Robinson, who were both present in the holding cell when this occurred, Detention Officer Fuqua and another officer simply helped plaintiff remove himself from his wheelchair in order for him to be seated on the bench in the holding cell. [Doc. 40 at 14-15, 20-21].  However, plaintiff contends that Detention Officer Fuqua "snatched him up" from his wheelchair, "pushed" him down, "slammed" him on the bench, and "slammed" his head against the wall after he tried to push the officer's hand away.  [Doc. 40-3 at 19-21, 38-40, 42-43, 46, 51-52].  It is undisputed that as plaintiff was being removed from his wheelchair, he used force against Detention Officer Fuqua by swinging his arms and fists.  [Doc. 40 at 14, 20; Doc. 40-3 at 19-20, 37-38, 43]. Plaintiff was not handcuffed when he came into physical contact with Detention Officer Fuqua in the holding cell.  [Doc. 40-3 at 40-41].  Lieutenant Jackson was not present in the holding cell when these events occurred.  [Doc. 40 at 8; Doc. 40-3 at 28, 30, 50-51].  Rather, Lieutenant Jackson was in her office.  [Id.].  Although Detention Officer Fuqua had some physical contact with plaintiff, neither Sergeant Robinson nor Lieutenant Jackson did.  [Doc. 40 at 9, 14-15, 20; Doc. 40-3 at 19, 48].

The magistrate judge found that Detention Officer Fuqua's snatching plaintiff out of his wheelchair amounted, at best, to "a malevolent shove," which does not rise to a constitutional violation. [Doc. 53 at 8-9]. The magistrate judge also found that Detention Officer Fuqua's slamming plaintiff down on the bench was not excessive because plaintiff was swinging his arms and fists at the officer, who was thus justified in using force to control plaintiff and prevent injury to himself. [Id. at 9]. The magistrate judge also noted that plaintiff's alleged injuries were not supported by any medical evidence. [Id.]. Additionally, the magistrate judge found that pushing plaintiff's head against the wall, which did not result in further injury to plaintiff, was not excessive force. [Id. at 10]. Finally, the magistrate judge found that, because the use of force was not excessive, Lieutenant Jackson was not liable for failing to intervene and Sergeant Robinson was not liable for ordering the use of force. [Id. at 11].

## II. Plaintiff's Objections

Plaintiff first objects to the magistrate judge's denial of his request for the production of his medical records, arguing that he "is pro se and the court has held him to unreasonably difficult standards in establishing discovery." [Doc. 56 at 1]. The Court reviews the nondispositive rulings of the R&R to determine whether they are

clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quotation and internal citation omitted).

Plaintiff maintains that, by denying his first request for an extension of the discovery period, the Court denied him the full four months of the discovery period. [Doc. 56 at 2]. However, plaintiff still does not explain why he made no attempt to pursue discovery before the discovery period ended. He had at least two and a half months to do so while he was out of jail, and he did not seek an extension until two days before the discovery period ended, see [Doc. 28]. Moreover, plaintiff initially refused to participate in his own deposition. Under these circumstances, the Court cannot find that the magistrate judge clearly erred in denying plaintiff's request for the production of his medical records.

Plaintiff next objects to the magistrate judge's refusal to consider his statement of disputed facts on the ground that he was not given an opportunity to remedy any

6

defects in that pleading. [Doc. 56 at 3]. He also moves the Court to allow him to amend his statement of disputed facts. [Doc. 59]. As previously noted, the Court gave plaintiff notice of his obligations under Federal Rule of Civil Procedure 56. [Doc. 41]. However, plaintiff did not submit any evidence to support his allegations, which were stated as legal conclusions. [Doc. 48]. As such, the magistrate judge correctly refused to consider plaintiff's statement of disputed facts. See LR 56.1B(1)(a),(c) and (2)b, NDGa. (providing that the court will not consider any fact listed in respondent's statement of material facts that is "not supported by a citation to evidence" or is "stated as an issue or legal conclusion"). The "facts" listed in plaintiff's untimely proposed amendment are either not material or are stated as an issue or legal conclusion. [Doc. 59-1]. Accordingly, plaintiff's request for leave to file an amended statement of disputed facts [59] is **DENIED**.

Plaintiff also objects that doctors had ordered that he remain in a wheelchair and disputes that his wheelchair could not fit in the holding cell. [Dic, 56 at 5, 11-12]. Plaintiff presents no evidence to support these assertions. In any event, whether plaintiff's wheelchair was medically necessitated or could fit in the holding cell are not material facts because they have no bearing on the issue before the Court, i.e., whether excessive force was used against plaintiff.

7

Plaintiff argues that defendants' actions were meant as punishment for plaintiff's inability to obey their commands to remove himself from his wheelchair. [Doc. 56 at 8]. Plaintiff maintains that the magistrate judge's analysis of his excessive force claim was erroneous. [Id. at 9-12]. Specifically, plaintiff asserts that slamming his head against the wall was excessive, even though he did not suffer further injury, and that he did not push the officer's hand away. [Id. at 11]. This contradicts plaintiff's sworn deposition testimony that he did try "to push [the officer's] hand off [him]." [Doc. 40-3 at 19, 37-38, 43].

The Court finds that the magistrate judge correctly analyzed plaintiff's claims and agrees with the magistrate judge's ultimate assessment that "the undisputed facts show that Detention Officer Fuqua's use of force in this case, even if it may be regarded as unreasonable in retrospect, was not gratuitous, disproportionate, or inflicted solely to cause plaintiff pain." [Doc. 53 at 10]; see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (per curiam) ("[W]hether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm.); see also Carson v. Mulvihill, 488 F. App'x 554, 562 (3d Cir. 2012) (holding that prison guard's attempt to force plaintiff into his cell by

8

pushing plaintiff's wheelchair rapidly and harshly through his cell door, which caused him to fall sharply onto his bed, did not violate plaintiff's constitutional rights); Vicks v. Knight, 380 F. App'x 847, 852 (11th Cir. 2010) (per curiam) (affirming grant of summary judgment to defendant where plaintiff did "not point to the existence of any medical evidence showing that he sustained an injury as a result of the alleged beating," and thus, a reasonable factfinder could not reasonably infer that defendant used "more than a *de minimus* amount of force against [plaintiff]"); Wilson v. Adams, No. 09-00552-CG-N, 2011 WL 720195, at *6-7 (S.D. Ala. Feb. 3, 2011) (recommending granting summary judgment to defendants who used "substantial," but not "excessive," force against plaintiff in response to his "persistent, belligerent, erratic, and violent behavior"), report and recommendation adopted by, 2011 WL 717244, at *1 (Feb. 22, 2011); Adams v. Mosley, No. 2:06-CV-873-ID, 2008 WL 5101985, at *2-3 (M.D. Ala. Dec. 1, 2008) (granting summary judgment to correctional officer on excessive force claim where officer grasped prisoner and took him to the ground after prisoner failed to follow instruction to sit in a wheelchair for transportation to the healthcare unit).  Thus, having conducted a careful review of the

9

R&R and plaintiff's objections thereto, the Court finds that the magistrate judge's factual and legal conclusions were correct and that plaintiff's objections have no merit.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R [53] as the opinion and order of the Court, **GRANTS** defendants' motion for summary judgment [40], and **DENIES** plaintiff's request for leave to file an amended statement of disputed facts [59].

The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this   2nd   day of January, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE